IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CHRISTOPHER WEST                                              PLAINTIFF

V.                                                            CIVIL ACTION NO.
                                                              2:07-CV-215-P-A

DRURY COMPANY
                                                              DEFENDANT

ORDER

The defendant Drury Company seeks an order striking plaintiff's amendment to his expert disclosures [docket no. 86] on grounds that the supplementation was not provided before expiration of plaintiff's July 24, 2008 expert designation deadline and his designation of Billy Seward as an expert witness [docket no. 87] because plaintiff failed to file an expert report as required under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. The plaintiff responds that because amendments or supplementation may be done no later than thirty days before trial under Rule 26(e) of the Federal Rules of Civil Procedure, he has the right to supplement the treating physician's testimony. Plaintiff further argues that he need not provide an expert report under Rule 26(a)(2)(B) because Seward is not being monetarily compensated for his testimony.

The relevant deadlines in this matter are as follows:

Plaintiff's designation of experts- July 24, 2008
Discovery deadline- October 9, 2008
Trial date- February 23, 2009.

A party must disclose to other parties in the case the identity of any witnesses it plans to call at trial to present expert testimony. *See* Fed. R. Civ. P. R. 26(a)(2)(A). Rule 26(a)(2)(B), upon which plaintiff relies for his argument that his disclosures were timely, provides that disclosures must be made at least thirty days before trial "*[u]nless otherwise ordered by the*

*court.*" Under Rule 26(e)(1)(B) the parties have a duty to supplement these disclosures and must do so "*as ordered by the court.*" The Case Management Order in this case [docket no. 12] is clear. It specifically states that

> The expert designation deadline is simply the last date by which a party must provide all Federal Rule of Civil Procedure 26(a)(2) information and expect to be allowed to introduce it at trial. (Emphasis in Rule).

Moreover, the court verbally emphasizes this portion of the Order in every Case Management Conference – which is held face-to-face with counsel – in every case. In other words, the court did order otherwise in its Case Management Order, by stating both a deadline for the disclosure of expert testimony, which includes the completion of discovery regarding an expert, and a deadline for the completion of all other discovery including any required supplementation of the record. Unfortunately, plaintiff's counsel did not read Rule 26(e) closely enough or in conjunction with the Case Management Order. Counsel may not now claim that he is unaware of the court's requirements in this regard. In the court's view, the challenged supplementation by plaintiff did not comply with the deadlines set by the court in the Cases Management Order – which supplanted the provisions of Federal Rule 26. The remaining question is the effect of that tardiness.

Rule 37(c)(1) provides that if a party fails to make a disclosure under Rule 26(a) or (e) the party is not allowed to use the witness at trial unless the failure was substantially justified or is harmless. In determining whether a violation is harmless, the court considers (1) the explanation, if any, for the non-disclosing party's failure to comply with the rule; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility of curing any prejudice by granting a continuance; and (4) the importance of the witnesses's testimony.

2

*Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996). The party that failed to make the disclosure has the burden of demonstrating that the failure was harmless. *Current v. Atochem North America, Inc. ELF*, No. W-00-CA-332, WL 36101282 at *2 (W.D. Tex. Sept. 18, 2001).

In addition, Local Rule 26.1(A)(2) of the Uniform Local Rules for the United States District Courts for the Northern and Southern Districts of Mississippi states in part:

> A party shall, as soon as it is obtained, but in any event no later than the time specified in the case management order, make disclosure as required by FED. R. CIV. P. 26(a)(2)(A).
> (a) For purposes of this section, a written report is "prepared and signed" by the expert witness when the witness executes the report after review.
> (b) An attempt to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken upon proper motion or sua sponte by the court.
> (c) Discovery regarding experts shall be completed within the discovery period. The court will allow the subsequent designation and/or discovery of expert witnesses only upon a showing of good cause.
> (d) A party shall designate treating physicians as experts pursuant to this rule, but is only required to provide the facts known and opinions held by the treating physician(s) and a summary of the grounds therefor.
> (e) A party is required to supplement an expert's opinion in accordance with FED. R. CIV. P. 26(e).

The Local Rule requires that a party must designate the treating physicians as expert witnesses, but the treating physician is not required to file the written report as outlined in Federal Rule 26(B). The language of Local Rule 26.1(A)(2)(d), "a party *shall* designate treating physicians as experts pursuant to this rule," is mandatory and not permissive. Moreover, the Southern District of Mississippi has held that treating physicians must be designated as expert witnesses, and they must be designated in a timely manner generally as provided by the case management order, and failure to do so will result in striking the treating physician as a witness. *Robbins v. Ryan's Family Steak Houses East, Inc.*, 223 F.R.D. 448, 453 (S.D. Miss. 2004).

Consequently, the failure to timely designate a treating physician as an expert, along with the accompanying documentation regarding the facts known and opinions held by the treating physician and a summary of the grounds for those opinions, will result in the treating physician's expert opinions being excluded from evidence.

The plaintiff identified his treating physician, Dr. Tewfik Rizk, as a witness in his response to defendant's interrogatory nos. 4, 5 and 6 served on April 29, 2008. The responses identified Dr. Rizk as a treating physician and the content of Dr. Rizk's testimony regarding the examination, diagnosis, treatment and prognosis and proximate causation in a fair amount of detail. *See* docket no. 94, exhibit A. The disclosed medical records from Dr. Rizk were dated from April 27, 2006 through October 11, 2006. On October 9, 2008, the plaintiff provided the defendant with a supplementation of Dr. Rizk's proposed testimony, which included four new opinions to which Dr. Rizk will provide testimony including Dr. Rizk's treatment of the plaintiff that occurred after October 11, 2006. The defendant did not depose Dr. Rizk in this matter.

The court finds that the plaintiff's identification of Dr. Rizk as provided in his responses to interrogatories nos. 4, 5 and 6 and the inclusion of his medical records satisfies the requirements concerning the designation of treating physicians as experts under the Local Rule. Although, the defendants did not receive a formal report, the defendants were provided sufficient notice of the proposed content of the physician's testimony including the facts known to and opinions held by Dr. Rizk and Dr. Rizk's medical records concerning his care and treatment of the plaintiff until October 11, 2006.

However, as to the October 9, 2008 supplementation of Dr. Rizk's testimony, the court grants the motion to strike. The plaintiff provides no compelling reason as to why he failed to

4

provide these opinions before the plaintiff's expert deadline. Further, the opinions he provided in his supplementation are substantial enough that they potentially necessitate additional discovery by the defendant, and the discovery period is now closed; thus the defendants are prejudiced by this untimely disclosure. A continuance might cure the discovery violation, but the absence of a compelling explanation for his failure to timely disclose and the potential prejudice to the defendant mitigate against allowing a continuance. Consequently, the plaintiff is not permitted to supplement Dr. Rizk's testimony with any opinions not previously disclosed in the answers to interrogatories nos. 4, 5 and 6, which appear to the court as the only disclosure of the content of Dr. Rizk's testimony by the plaintiff.

As the discovery deadline was October 9, 2008, supplementation concerning facts are permitted under the Federal Rules, the Local Rules and the Case Management Order. Dr. Rizk may testify as a fact witness regarding his treatment of the plaintiff after October 11, 2006, as long as the plaintiff disclosed the medical records to the defendants before the expiration of the October 9, 2008 discovery deadline.

It is evident from the plaintiff's response to the motion to strike Billy Seward as an expert that he does intend to elicit from Seward expert testimony which falls under Rules of Evidence 702, 703 or 705. *See* docket no. 98. The decision whether to allow Seward's testimony under the Rules of Evidence is, of course, reserved to the trial judge. The sole consideration before the undersigned is whether the plaintiff's designation is procedurally correct under Rule 26. The plaintiff did not submit a Rule 26(a)(2)(B) report in his designation of Seward as an expert in this matter, arguing that because Seward is not being paid for his testimony, he does not fall under Rule 26(a)(2)(B)'s requirement of a written and signed report from any person "retained or

specially employed" to provide testimony. The Rule does make a distinction between persons "retained or specially employed" to offer expert witnesses and other persons who will offer expert testimony. [1] Accepting plaintiff's representation that Seward is not being compensated for his testimony, the court concludes that the challenge to his testimony for lack of a 26(a)(2)(B) report must fail. Other courts have noted that such persons are comparable to treating physicians, of whom only a summary of facts known and opinions held are required. *See Smith v. State Farm Fire and Cas. Co.,* 164 F.R.D 49, 55-56 (S.D.W.Va. 1995) (persons "who receive only the fees and allowances listed in [28 U.S.C. § 1821] fees and allowances in return for expert testimony are not 'retained' or 'specially employed' to provide expert testimony" and are therefore not required to provide a 26(a)(2)(B) report). *See also Harper v. Public Service Commission of West Virginia*, 2005 WL6011240 *2 (S.D.W.Va Oct. 19, 2005). In light of this ruling, however, defendant is granted leave to depose Mr. Seward within the next thirty days, and plaintiff must make him available for a deposition if defendant desires to do so.

For these reasons it is ORDERED:

That the defendant's motion to strike the plaintiff's amendment to his expert disclosures [docket no. 86] is GRANTED IN PART and DENIED IN PART as outlined in the text of this Order

That the defendant's motion to strike the designation of the plaintiff's expert, Billy

---

[1] Indeed, the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States has proposed amendments to Rule 26, as to which comment is currently being sought, clarifying that there in fact is a category of expert witnesses – those not "retained or specially employed to provide expert testimony in the case," but who will offer testimony under Rules 702, 703 and 705 of the Federal Rules of Evidence – as to whom the 26(a)(2)(B) report requirement is not required.

Seward [docket no. 87] for failure to provide a Rule 26(a)(2)(B) report [paragraph I of defendant's motion] is DENIED. The remainder of the motion to strike Seward for substantive reasons must be addressed by District Judge Pepper, the trial judge in this matter.

This the 9th day of December, 2008.

                                                      /s/ S. ALLAN ALEXANDER
                                                      U.S. MAGISTRATE JUDGE