IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**CHRISTOPHER WEST**                                                                        **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 2:07CV215-P-A**

**DRURY COMPANY**                                                 **DEFENDANT**

## ORDER

This cause is before the Court on the defendant's Motion to Strike Untimely Filed Affidavit of Rick Repogle [100], Motion to Strike Untimely Filed Affidavit of Steve West [108], and Motion to Strike Untimely Filed Depositions of Greg Terry, Randy Vetter and Danny Rains [109]. The Court, having reviewed the motions, the responses, and being otherwise fully advised in the premises, finds as follows, to-wit:

The materials submitted by plaintiff in opposition to defendant's pending dispositive motions were filed some fourteen (14) or more days beyond the response deadline. Plaintiff offers no legitimate excuse for his failure; instead, he merely intones that F.R.C.P. 56(c) permits a party to "serve opposing affidavits before the hearing day" and that inasmuch as no hearing day has been set, his submissions are timely. Moreover, he intimates that any Local Rule providing otherwise should be disregarded on grounds of inconsistency in accordance with F.R.C.P. 83[1]

However, plaintiff's argument overlooks F.R.C.P. 78(b), a provision which expressly

---

[1] "After giving public notice and an opportunity for comment, a district court, acting by a majority of its district judges, may adopt and amend rules governing its practice. A local rule must be consistent with–but not duplicate–federal statutes and rules adopted under 28 U.S.C. §§ 2072 and 2075 . . . ." F.R.C.P. 83(a)(1).

authorizes a district court to "provide for submitting and determining motions on briefs, without oral hearings." F.R.C.P. 78(b). In accordance therewith, Uniform Local Rule 7.2 provides in pertinent part:

> (A) Applicability. The provisions of this rule apply to all written motions filed in civil or criminal actions.
>
> (B) Filing; Proposed Orders. The original motion and all affidavits, and other supporting documents, including briefs and memoranda of authorities, shall be filed with the clerk of court at the division office where the action is docketed . . . .
>
> (C) Responses
>    (1) The original of any response to the motion, all opposing affidavits and other supporting documents shall be filed with the clerk of court at the division office where the action is docketed, and any response to the motion and all objections shall be filed and served as provided in paragraph (B) of this rule. Within the time allowed for response, the opposing party shall either respond to the motion or notify the court of its intent not to respond.
>
> . . .
>
> (D) Memoranda; Documents Required With Motions; Time Limits; Failure to Submit Required Documents; Motions Not Reurged. At the time the motion is served, . . . counsel for movant shall submit to the presiding judge a memorandum of authorities upon which counsel relies. Counsel for respondent shall, within ten days after service of movant's memorandum, submit a memorandum of authorities in reply . . . .
>
> . . .
>
> (F) Notice and Hearings
>    (1) All motions shall be decided by the court without a hearing or oral argument unless otherwise ordered by the court on its own motion or, in its discretion, upon written request made by counsel in an easily discernible manner on the face of the motion or response.
>
> . . .

Uniform Local Rule 7.2.

What Rule 7.2 provides, in a nutshell, is for the disposition of motions without a hearing in most cases. In order to facilitate the disposition thereof, the rule further establishes deadlines for

the filing of motions and responses thereto. In addition, the rule outlines the materials to be filed in conjunction with a motion or response in opposition, to-wit: the original motion/response, all supporting/opposing affidavits, and all other supporting documents, including briefs and memoranda of authorities. The rule also mandates that an opposing party either file a response to a motion or notify the court of its intent not to respond within the time frame set forth in subparagraph (D).

Review of the plaintiff's conduct in this case reveals a gross failure to comply with the procedural rules of this Court. Plaintiff ignored the response deadline, failed to submit the required memorandum brief in opposition to the motion for summary judgment, and only requested a hearing on the defendant's dispositive motions in concert with his opposition to the instant motions to strike.[2] In view of the foregoing, the Court would be acting well within its discretion if it elected to grant the relief requested by defendant and to strike the materials submitted by plaintiff in opposition to the defendant's summary judgment motions. However, the Court hesitates to do so because the likely result would be dismissal of plaintiff's claims, a sanction the Court deems too extreme under the circumstances. Accordingly, the Court exercises its discretion to deny defendant's motions to strike. The Court will consider the materials submitted by plaintiff in deciding the pending dispositive motions.

However, as recognized in the Preamble to the Local Rules: "Attorneys practicing before the district courts of Mississippi are charged with the responsibility of knowing the Rules; a failure to comply with the Rules may result in the imposition of appropriate sanctions." After considered reflection, the Court is of the opinion that plaintiff's counsel should be sanctioned for his failure to comply with Local Rule 7.2. Accordingly, the defendant is entitled to recover its costs and attorneys

---

[2] The Court hereby exercises its discretion to deny plaintiff's request for a hearing on defendant's Motion for Summary Judgment and Motion for Partial Summary Judgment.

fees incurred in conjunction with the filing and prosecution of the motions to strike. Defense counsel is to submit time records in support of said award within ten (10) days of the entry of this Order.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion to Strike Untimely Filed Affidavit of Rick Repogle [100], Motion to Strike Untimely Filed Affidavit of Steve West [108], and Motion to Strike Untimely Filed Depositions of Greg Terry, Randy Vetter and Danny Rains [109] are not well-taken and should be, and hereby are, DENIED. IT IS FURTHER ORDERED that the defendant is entitled to an award of sanctions against plaintiff's counsel to the extent of reasonable attorneys fees and costs incurred in the filing and prosecution of the motions to strike. IT IS FURTHER ORDERED that defense counsel is to submit time records in support of said award within ten (10) days of the entry of this Order.

SO ORDERED, this the 20th day of January, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE