**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**CHRISTOPHER WEST**                                                   **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO. 2:07CV215-P-A**

**DRURY COMPANY**                                           **DEFENDANT**

**<u>ORDER</u>**

This cause is before the Court on the defendant's Motion in Limine Concerning Plaintiff's Trial Exhibits [133]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiff's Exhibit 1: The Court sustains defendant's objections to those certain medical records and medical bills identified in the defendant's motion as follows:

| | | |
|---|---|---|
| Methodist Hospital | May 2006 | Diabetes |
| Family Care Group | April - September 2007 | Diabetes |
| Mid-South Ear, Nose and Throat | May - June 2006 | Sinuses |
| ? | May - July 2006 | Sinuses |
| Mid-South Imaging | June - July 2006 | Sinuses |
| Pathology Group of the Mid-South | July 2006 | Sinuses |
| Baptist and Baptist East | July 2006 | Sinuses |
| Lab Work | July 2006 | Sinuses |
| American Sleep Medicine | May 2006 | Sleep apnea |
| Baptist Memorial Hospital - East | May 2006 | Heart |
| Baptist | May 2006 | Heart |
| Mid-South Imaging and Therapeutics | May 2006 | Heart |
| Mobilcare | June 2006 | ? |
| Milburn | June 2006 | ? |

1

Plaintiff's Exhibit 2: The Court reserves ruling on the defendant's objection to Dr. Howser's curriculum vitae until the time of trial. Dr. Howser's April 16, 2007 letter to plaintiff's counsel is hearsay which does not fall into any of the exceptions articulated in F.R.E. 803. It also fails the test for the residual hearsay exception outlined in F.R.E. 807. Accordingly, defendant's objections thereto are sustained. Nothing in the Court's ruling is to be interpreted as a ruling on the admissibility of Dr. Howser's testimony under F.R.E. 702.

Plaintiff's Exhibit 3: The Court reserves ruling on the defendant's objection to Dr. Moskovitz's curriculum vitae until the time of trial. Dr. Moskovitz's March 30, 2007 and May 7, 2007 letters to plaintiff's counsel are hearsay which do not fall into any of the exceptions articulated in F.R.E. 803. They also fail the test for the residual hearsay exception outlined in F.R.E. 807. Defendant's objections thereto are sustained. Nothing in the Court's ruling is to be interpreted as a ruling on the admissibility of Dr. Moskovitz's testimony under F.R.E. 702.

Plaintiff's Exhibit 4: The Court reserves ruling on the defendant's objection to Dr. Rizk's curriculum vitae until the time of trial. Dr. Rizk's April 27, 2006, June 22, 2006, July 27, 2006, August 10, 2006 and October 11, 206 letters to plaintiff's counsel are hearsay which do not fall into any of the exceptions articulated in F.R.E. 803. They also fail the test for the residual hearsay exception outlined in F.R.E. 807. Defendant's objections thereto are sustained. Nothing in the Court's ruling is to be interpreted as a ruling on the admissibility of Dr. Rizk's testimony under F.R.E. 702.

Plaintiff's Exhibit 6: Billy Seward's undated expert report constitutes hearsay which does not fall into any of the exceptions articulated in F.R.E. 803. It also fails the test for the residual hearsay exception outlined in F.R.E. 807. Defendant's objections thereto are sustained. Nothing

in the Court's ruling is to be interpreted as a ruling on the admissibility of Mr. Seward's testimony under F.R.E. 702.

Plaintiff's Exhibit 7: Subject to the plaintiff establishing the requisite factors for admissibility pursuant to F.R.E. 803(6), defendant's objection to the admissibility of the promotional brochure from Caring Companions is overruled.

Plaintiff's Exhibit 10: Defendant's objection to the admissibility of life expectancy tables is overruled.

Plaintiff's Exhibit 12: The Court sustains Defendant's objection to the admissibility of Glen Greenwell's written report. The report is hearsay which does not fall into any of the exceptions articulated in F.R.E. 803. Nothing in the Court's ruling is to be interpreted as a ruling on the admissibility of similar testimony by Mr. Greenwell at the time of trial.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion in Limine Concerning Plaintiff's Trial Exhibits [133] should be, and hereby is, GRANTED IN PART and DENIED IN PART, as set forth above.

SO ORDERED, this the 19th day of May, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE