**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**CHRISTOPHER WEST**                                                        **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 2:07CV215-P-A**

**DRURY COMPANY**                                               **DEFENDANT**

**ORDER**

This cause is before the Court on the defendant's Motion in Limine to Exclude Evidence Concerning Loss of Future Earnings and Future Medical Expenses [116]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendant seeks the exclusion of plaintiff's evidence of loss of future earnings and future medical expenses on grounds that the plaintiff cannot adduce the requisite evidence to reduce his claim for future economic damages to their present value. The sole basis for his motion in limine is the plaintiff's failure to designate an expert economist to testify regarding the present worth of plaintiff's alleged future medical expenses and future lost earnings.

Defendant's entire exclusion argument rests on the premise that: 1) plaintiff bears the burden of proof with regard to the issue of present worth; and 2) he is required to support his claim for future medical expenses and future lost earnings with expert testimony regarding present worth. However, defendant cites no authority for either contention.

A thorough search of Mississippi case law reveals no definitive pronouncement from the Mississippi Supreme Court regarding which party bears the burden of proof with regard to the issue

of reduction to present value.[1] Defendant asserts that as plaintiff bears the burden of proof as to each element of his claim, including damages, he also bears the burden of presenting evidence which enables the jury to make a present worth determination. A survey of the current law of other jurisdictions is telling, however. Of those courts which have considered the issue, the majority have placed the burden squarely on the defendant.[2] See Aldridge v. Baltimore and Ohio R. Co., 789 F.2d 1061 (4th Cir., 1986); Alma v. Manufacturers Hanover Trust Co., 684 F.2d 622 (9th Cir. 1982); Energy Capital Corp. v. U.S., 47 Fed. Cl. 382 (Fed. Cl. 2000); Fenstermacher v. Telelect, Inc., 1992 WL 175114 (D. Kan. 1992); Lewin Realty, III v. Brooks, 771 A.2d 446 (Md. 2001); Synar v. Union Pacific R. Co., 2001 WL 1263573 (Tex. App. 2001); CSX Transp., Inc. v. Casale, 441 S.E.2d 212 (Va. 1994); Wingad v. John Deere & Co., 523 N.W.2d 274 (Wis. 1994). Cf. Green v. Franklin, 235 Cal. Rep. 312 (Cal. App. 2 Dist. 1987); Burlington Group, Inc. v. Chardon Lakes Restaurant, Inc., 1995 WL 236919 (Ohio App. 11th Dist. 1995); Miller v. Pacific Trawlers, Inc., 131 P.3d 821 (Or. App. 2006). Others simply place the burden of proof on the party who would receive the benefit of a discount to present value. Brady v. Burlington Northern R. Co., 752 P.2d 592 (Col. App. 1988). Cf. Ramirez v. New York City Off-Track Betting Corp., 112 F.3d 38 (2nd Cir. 1997); Little v. Grizzly Mfg., 636 P.2d 839 (Mont. 1981). Another court has held that where neither party presents evidence on present value, it is not appropriate to instruct the jury regarding reduction of future

---

[1] The issue of damages in this diversity action is governed by Mississippi law. Peters v. T. G. & Y Stores Co., 707 F.2d 227, 229 (5th Cir. 1983). Where there is no controlling state authority from Mississippi's highest court, this Court must make an "Erie guess." Travelers Cas. & Sur. Co. of Am. v. Ernst & Young, LLP, 542 F.3d 475, 483 (5th Cir. 2008).

[2] But see DiSabatino v. National R.R. Passenger Corp., 724 F.2d 394 (3rd Cir. 1984); Hutton v. Essex Group, Inc., 885 F. Supp. 331 (D.N.H. 1994); Steppi v. Stromwasser, 297 A.2d 26 (Del. 1972); see Seaboard Coast Line R. Co. v. Burdi, 427 So.2d 1048 (Fla. App. 3 Dist. 1983).

damages to present value. Miller v. Union Pacific R. Co., 900 F.2d 223 (10th Cir. 1990).

Moreover, there is no controlling precedent in Mississippi which supports the proposition that expert testimony is necessary to support a reduction of future damages to their present value.[3] Furthermore, an independent search of the law of other states and of the federal courts reveals a consensus that exert testimony is not necessary. Brough v. Imperial Sterling Ltd., 297 F.3d 1172 (11th Cir. 2002); ; Cassino v. Reichhold Chemicals, Inc., 817 F.2d 1338 (9th Cir. 1987); Maxfield v. Sinclair Intern., 766 F.2d 788 (3rd Cir. 1985); Bonura v. Sea Land Service, Inc., 505 F.2d 665 (5th Cir. 1974); Heater v. Chesapeake & O. Ry. Co., 497 F.2d 1243 (7th Cir. 1974); Duncan v. St. Louis-San Francisco Ry. Co., 480 F.2d 79 (8th Cir. 1973); Pennsylvania R. Co. v. McKinley, 288 F.2d 262 (6th Cir. 1961); Portis v. Wal-Mart Stores East, L.P.,2008 WL 2959879 (S.D. Ala 2008); Bynum v. Cavalry Portfolia Services, L.L.C., 2006 WL 1047035 (N.D. Ok. 2006); Barocco ex rel. Barocco v. Ennis Inc. of Colo., 2003 WL 21406179 (2003 E.D. La.); Foraker v. Schauer, 1995 WL 591459 (N.D. Ill. 1995); Hutton v. Essex Group, Inc., 885 F. Supp. 331 (D. N.H. 1994); Worden v. Consolidated Rail Corp., 689 F. Supp. 35 (D. Mass. 1988); Mullins v. Summers, 485 So.2d 1126 (Ala. 1986); J.E. Merit Constructors, Inc. v. Cooper, 44 S.W.3d 336 (Ark. 2001); Sahrbacker v. Lucerne Products, Inc., 556 N.E.2d 497 (Ohio 1990); Howard v. Sanborn, 483 N.W.2d 796 (S.D. 1992); Adkins v. Foster, 421 S.E.2d 271 (W. Va. 1992); Dupont v. Preston, 9 P.3d 1193 (Colo. Ct. App. 2000); Seaboard Coast Line R. Co. v. Burdi,427 So.2d 1048 (Fla. Dist. Ct. App. 1983); Anderson v. Chatam, 379 S.E.2d 793 (Ga. Ct. App. 1989); FMC v. Brown, 526 N.E.2d 719 (Ind.

---

[3] The only case which could even arguably be said to stand for this proposition is AmSouth Bank v. Gupta, 828 So.2d 205 (Miss. 2002). However, Gupta involved a complex real estate investment deal and the Supreme Court merely held that the plaintiff failed to prove its lost profits with reasonable certainty.

Ct. App. 1988); Groves v. Illinois Cent. Gulf R. Co., 563 So.2d 496 (La. Ct. App. 1990); Gannaway v. Missouri-Kansas-Texas R. Co. 575 P.2d 566 (Kan. Ct. App. 1978); Motzko v. State Farm Mut. Auto. Ins. Co.,1991 WL 70294 (Minn. Ct. App. 1991); Barrington ex rel. Barrington v. Sandberg, 991 P.2d 1071 (Or. Ct. App. 1999). Cf. Weil v. Seltzer, 873 F.2d 1453 (D.C. Cir. 1989); Carlsen v. Hansen, 364 N.W.2d 181 (Wis. Ct. App. 1985). "Courts that do not require expert testimony reason that the effect of inflation and interest rates on the value of money is within the common knowledge of jurors and that jurors are sufficiently intelligent to reduce an award to present value if properly instructed." Cassino v. Reichhold Chemicals, Inc. 817 F.2d 1338 (9th Cir. 1987).

The Court finds the reasoning of the foregoing authorities on burden of proof and the need for expert testimony on the issue of present value both cogent and persuasive. Furthermore, the above-cited cases are in full accord with the scant Mississippi and Fifth Circuit cases which do address the present value issue. Young v. Robinson, 538 So.2d 781 (Miss. 1989), addressed an assignment of error by the defendant regarding the plaintiff's recovery of a judgment for future lost earnings based on the trial judge's failure to instruct the jury to reduce plaintiff's damages to their present net cash value. The Mississippi Supreme Court affirmed the judgment on grounds of waiver.[4] Id. at 783. However, before reaching the waiver issue, the Court reviewed its past precedent:

> As to an instruction on present net cash value of lost earnings, in Sheffield v. Sheffield, we held that it would be proper 'upon request of the defendant.' Thereafter, in Jesco, Inc. v. Whitehead, we reversed because the circuit judge granted an instruction on loss of future earnings over the specific objection of defense counsel that it failed to instruct the jury to reduce such damages to their present net cash value. We hold, therefore, that such an instruction is appropriate <u>when there is evidence to support it.</u>

---

[4] The defendant failed to request a more specific instruction.

Id. (citations omitted) (emphasis added). Nothing in the opinion's cryptic statement lends credence to the defendant's position that such evidence need be presented by the plaintiff or that it be in the form of expert testimony.[5] In Eiland v. Westinghouse Electric Corp., 58 F.3d 176 (5th Cir. 1995), the Fifth Circuit Court of Appeals affirmed a judgment for future lost earnings despite defendant's argument that because plaintiff

> failed to present evidence to support an instruction on reduction to present value, it was error to allow future lost earnings to go to the jury at all. [Defendant] asks us to hold that failure to request the instruction in this case did not amount to waiver because [defendant] was of the opinion that there was no evidence to guide the jury in deciding the appropriate amount of reduction.

58 F.3d at 182. This is precisely the argument the instant defendant makes in support of its motion in limine. It is no more availing in the present pretrial procedural context than in Eiland. See Portis v. Wal-Mart Stores East, L.P., 2008 WL 2959879.

A claimant seeking recovery for future medical and/or future lost earnings need only present sufficient evidence to establish those damages with reasonable certainty.[6] The overwhelming weight of authority holds that expert testimony is not necessary in cases involving the present value of

---

[5] This is true notwithstanding the fact that, during the charge conference, defense counsel objected to plaintiff's damages instruction on future disability and lost earnings as follows:

> Your Honor, we stand on our objections as to the disability evidence that was presented at trial as improper. There has been no evidence whatsoever as to lost income. There have been no wage statements. No economists have testified. No one has testified as to what she made on a yearly basis. We ask that that be stricken.

Young, 538 So.2d at 782.

[6] There was sufficient evidence for the jury to accurately calculate future work life expectancy and future lost wages." Eiland, 58 F.3d at 182.

5

future damages.[7] This Court finds that if faced with the same issue, the Mississippi Supreme Court would reach the same conclusion. Evidence of present value may be presented through other avenues including but not limited to the use of present worth tables and/or evidence regarding the rate of interest on government obligations and on bank and savings and loan deposits. 22 Am. Jur. 2d Damages § 707 (1999).

Furthermore, in light of the Mississippi Supreme Court's previous decisions to affirm awards of economic damages without a reduction to present value, the Court is convinced that the Mississippi Supreme Court would be reluctant to make proof of present value an essential element of a plaintiff's claim for future medical expenses and lost earnings. Instead, those decisions support the conclusion that, if faced with the issue, the Mississippi Supreme Court would place the onus on the defendant–as the party who would receive the benefit–to demonstrate that a reduction to present value is warranted.[8] This conclusion is in accord with the language employed by the Mississippi Supreme Court in Young: "We hold, therefore, that such an instruction is appropriate when there is evidence to support it." 538 So.2d 781. Nothing in Young intimates that the converse is not equally true, e.g., "that such an instruction is [in]appropriate where there is [no] evidence to support it."[9]

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion in Limine to Exclude Evidence Concerning Loss of Future Earnings and Future Medical Expenses [116] is not

---

[7] See cases cited supra.

[8] See cases cited supra.

[9] Should neither party offer evidence pertaining to present value, no specific instruction regarding reduction of future economic damages to present value need be given.

6

well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 20th day of May, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE