**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**CHRISTOPHER WEST**                                                       **PLAINTIFF**

**VERSUS**                                 **CIVIL ACTION NO. 2:07CV215-P-A**

**DRURY COMPANY**                                              **DEFENDANT**

**ORDER**

This cause is before the Court on the plaintiff's Motion in Limine to Exclude Specific Trial Exhibits Designated by Defendant Drury Company [134]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendant's Exhibit 1: Plaintiff's objection to the admissibility of the contract between Bovis Lend Lease, Inc. and Drury Company is overruled. The contract satisfies the requirements for an exception to the hearsay rule as provided in F.R.E.803(6).

Defendant's Exhibit 2: The Court reserves ruling on the plaintiff's objection to Dr. Atkin's curriculum vitae until the time of trial.

Defendant's Exhibits 4-24: Plaintiff's objection to the admissibility of medical records from 2004 and 2005 from The Med., The Memphis Orthopedic Group and Baptist Memorial Healthcare is overruled. By placing his physical and mental condition at issue in the present litigation, plaintiff rendered the medical records pertaining to his prior injury relevant–especially inasmuch as he seeks damages for some of the same physical complaints. The same is true with regard to the existence of a continuing mental condition and how it may bear on plaintiff's future earnings or future earning

capacity.  Defendant is entitled to present evidence tending to establish that certain of plaintiff's physical complaints pre-dated the January 2006 accident.  Plaintiff's objection to the August 16, 1993 medical record from Memphis Orthopedic Group is sustained; the relevance of a medical record more than a decade old to the current litigation is tenuous at best.  Certainly it is more prejudicial than probative.  Accordingly Exhbit 5 will be excluded pursuant to F.R.E. 401 and 403.

Defendant's Exhibit 25:  Plaintiff's objection to the admissibility of the Dr. Atkins' handwritten notes is overruled.  The plaintiff has failed to identify any particular records necessary to be admitted contemporaneously in order to place the selected record in proper context.  However, plaintiff may offer as an exhibit any additional portions of Dr. Atkins' records he considers necessary to place the notes in proper context.

Defendant's Exhibits 26-28:  Plaintiff's objection to the admissibility of medical records from January 6 and 9, 2006 from Baptist East and Baptist Memorial Hospital is overruled.  The plaintiff has failed to identify any particular records necessary to be admitted contemporaneously in order to place the selected record in proper context.  However, plaintiff may offer as an exhibit any additional portions of the stated records which he considers necessary to give proper context to the records designated by the defendant.

Defendant's Exhibits 30-38:  Plaintiff's objection to the admissibility of medical records from January and February  2006 from HealthSouth Diagnostic Center of Memphis, Diagnostic Imaging Consultants, Semmes Murphey Neurologic & Spine Institute, The Med. and Baptist Memorial Hospital is overruled.  The plaintiff has failed to identify any particular records necessary to be admitted contemporaneously in order to place the selected record in proper context.  However, plaintiff may offer as an exhibit any additional portions of the stated records which he considers

necessary to give proper context to the records designated by the defendant.

Defendant's Exhibit 39: The Court reserves ruling on the plaintiff's objection to his employment records from T.A.M. Electric. until after Drury has had an opportunity to cross-examine plaintiff.

Defendant's Exhibit 40: Plaintiff's objection to the admissibility of his medical records from Dr. Riley Jones is overruled. The exhibits in question are relevant to issues regarding the nature and extent of any damages plaintiff sustained in the subject accident.

Defendant's Exhibit 41: Plaintiff's objection to the admissibility of his employment records from Advanced Plumbing Co., Inc. is overruled, subject to defendant establishing the requisite factors of admissibility pursuant to F.R.E. 803(6).

Defendant's Exhibit 43-44: Plaintiff's objections to the admissibility of the Bovis Lend Lease Incident Investigation report and the Daniel Safety Consultants Accident Report are overruled. The exhibits clearly meet the business records exception to the hearsay rule set forth in F.R.E. 803(6).

Defendant's Exhibit 51: Plaintiff's objection to the admissibility of the contract between Bovis Lend Lease, Inc. and Drury Company is overruled. The contract satisfies the requirements for an exception to the hearsay rule as provided in F.R.E.803(6).

Defendant's Exhibit 53-55: Plaintiff's objection to the admissibility of medical records from Regional Medical Center, Baptist Memorial Hospital and Semmes Murphey Neurologic & Spine Institute is overruled. The plaintiff has failed to identify any particular records necessary to be admitted contemporaneously in order to place the selected record in proper context. However, plaintiff may offer as an exhibit any additional portions of the stated records which he considers

3

necessary to give proper context to the records designated by the defendant.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion in Limine to Exclude Specific Trial Exhibits Designated by Defendant Drury Company [134] should be, and hereby is, GRANTED IN PART and DENIED IN PART, as set forth above.

SO ORDERED, this the 2nd day of June, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE