**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**CHRISTOPHER WEST**                                                            **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 2:07CV215-P-A**

**DRURY COMPANY**                                                   **DEFENDANT**

**<u>ORDER</u>**

This cause is before the Court on the plaintiff's Motion in Limine to Exclude Defendant from Attributing and Arguing Negligence and/or Fault to Bovis Lend Lease, Inc. and the Crane Operator and Any Other Individual and/or Entity and/or Wind for the Causation of the Accident at Issue and the Resulting Damages of the Plaintiff Christopher West and to Exclude the Deposition Testimony of Dr. Riley Jones [135]. The Court, having reviewed the motion, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiff's motion addresses three separate issues: the admissibility of evidence and/or argument regarding the fault of a person and/or entity other than Drury Company for the injury and damages allegedly suffered by plaintiff; the admissibility of evidence and/or argument regarding whether an act of God (principally, the wind) is responsible for the injury and damages allegedly suffered by plaintiff; and the admissibility of the deposition testimony of Dr. Riley Jones. The Court will address each of these matters in turn.

Plaintiff's request to exclude evidence of the fault of others is not well-taken and should be denied insofar as concerns the possible fault of the general contractor, Bovis Lend Lease, Inc. Drury Company adequately pled its position that liability, if any, for plaintiff's injuries lay with another

entity or person. Furthermore, the discovery conducted by the parties clearly apprised plaintiff of the defendant's position that it was not contractually responsible for hoisting operations, Drury Company neither owned the crane nor employed the crane operator, nor determined the situs of the crane on the job site. There is an ample factual basis for Drury Company's defense regarding the negligence of others and plaintiff has cited absolutely no controlling authority which suggests that expert testimony is required to support a finding of fault against Bovis Lend Lease, Inc.[1]

The same analysis applies with regard to whether the wind was a causative factor in the plaintiff's accident. Drury Company adequately pled its position that plaintiff's accident and injuries resulted from an "act of God." Furthermore, the discovery conducted by the parties clearly apprised plaintiff of the defendant's position that a sudden gust of wind caused a bundle of styrofoam roofing materials to fall from the load while in midair. Finally, there is ample testimony supporting Drury Company's act of God defense and plaintiff has cited absolutely no controlling authority which suggests that expert testimony is required to support a finding that wind was a proximate and/or contributing cause of the plaintiff's accident.

The matter of admissibility concerning Dr. Riley Jones' testimony is more problematic. However, plaintiff's claim for damages for physical and mental injuries renders his prior physical and mental states relevant, especially as pertains to those complaints which are similar to those he suffered in conjunction with his previous injury. Dr. Jones' testimony is clearly probative of the nature and extent of the back injury plaintiff sustained in the subject accident–whether he sustained

---

[1] Inasmuch as the defendant's response to the instant motion failed to assert any evidence supporting an attribution of fault to the crane operator, defendant will be precluded from offering any evidence of the crane operator's negligence at trial. However, there is no reason why Drury Company cannot present evidence to the effect that the crane operator was not its employee.

2

any new injury, whether his current back complaints are merely a continuation of his prior back problems or whether he sustained an aggravation of a pre-existing condition. The same is true with regard to Dr. Jones' testimony regarding plaintiff's mental state. Granted, Dr. Jones himself admitted never rendered a medical diagnosis of a psychological or psychiatric condition as to plaintiff; nonetheless his medical specialty did enable him to make assessments regarding West's –his hypersensitivity, symptom magnification and inconsistent complaints of pain. The jury is entitled to hear all the evidence and to accord it whatever weight it may deem appropriate under the circumstances. Although the evidence is prejudicial, the Court cannot conclude that it is unduly so, or that the possibility of prejudice substantially outweighs its probative value under the circumstances. Accordingly, Dr. Jones' deposition testimony will be admitted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion in Limine to Exclude Defendant from Attributing and Arguing Negligence and/or Fault to Bovis Lend Lease, Inc. and the Crane Operator and Any Other Individual and/or Entity and/or Wind for the Causation of the Accident at Issue and the Resulting Damages of the Plaintiff Christopher West and to Exclude the Deposition Testimony of Dr. Riley Jones [135] is GRANTED IN PART AND DENIED IN PART, as set forth above.

SO ORDERED, this the 3rd day of June, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE