**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**CHRISTOPHER WEST**                                                                           **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 2:07CV215-P-A**

**DRURY COMPANY**                                                                           **DEFENDANT**

## ORDER

This cause is before the Court on the plaintiff's Application for Review [117] of the Magistrate's Order dated December 9, 2008, in which the Magistrate granted the defendant's Motion to Strike Plaintiff's October 9, 2008 Amendment to Expert Disclosures and Plaintiff's October 9, 2008 Amendment to Initial Rule 26(a)(1) Disclosures [86]. The Court, having reviewed the application, the response, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

An appeal from a magistrate's ruling on a non-dispositive motion, pursuant to the authority granted in 28 U.S.C. § 636(b)(1), is considered under the "clearly erroneous" standard. This standard has been described as "extremely deferential." Reko v. Creative Promotions, Inc., 70 F.Supp.2d 1005, 1007 (D.Minn.1999). Under the "clearly erroneous" standard, the district court cannot disturb a factual finding of the magistrate judge "unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." Smith v. Smith, 154 F.R.D. 661, 665 (N.D. Tex. 1994)(quoting Resolution Trust Corporation v. Sands, 151 F.R.D. 616, 619 (N.D.Tex.1993)). If the magistrate judge's "account of the evidence is plausible in light of the record viewed in its entirely," the district judge may not

reverse it.  Id.  When a party objects to a magistrate judge's ruling on the ground that it is contrary to law, the party must demonstrate that the magistrate judge erred in some respect in his legal conclusions.  Id.

The Magistrate held plaintiff's attempt to supplement his initial and expert disclosures untimely based on the provisions of Uniform Local Rule 26.1(A)(2) in conjunction with the January 31, 2008 Case Management Order.  She further found that the plaintiff failed to satisfy his burden of demonstrating that his failure to timely supplement was either substantially justified or harmless. Careful review of the parties' filings and the applicable rules do not leave this Court with a definite conviction that "a mistake has been committed."  As it is not evident that the magistrate's order was clearly erroneous or contrary to law, the magistrate's decision should be affirmed.  Accordingly, as outlined in the defendant's Motion to Strike, the plaintiff will be precluded from offering the following opinions not timely disclosed:

1.  The medical treatment and medical bills of any health care provider, other than Dr. Rizk, reflect ordinary, reasonable and medically necessary treatment that was proximately caused and/or caused by the plaintiff being hit on the head on or about January 4, 2006;

2.  That Dr. Rizk has reviwed the expert medical reports of Dr. John Howser and Dr. Randall Moskovitz and that he agrees with both reports and all finding included in those reports and adopts them as his own.

3.  That Dr. Rizk is familiar with charges for medical services and/or attendant services for a person with a medical condition such as Christopher West and that a charge of $14.50 per hour for 24 hour attendant care for the plaintiff is ordinary, reasonable and medically necessary.

Finally, plaintiff seeks clarification regarding the limits of Dr. Rizk's testimony.[1] Plaintiff may elicit expert testimony regarding facts and opinions held by Dr. Rizk consistent with disclosures made pursuant to plaintiff's Initial Rule 26 Disclosures, Interrogatory Responses, Responses to Production of Documents or medical records up through and including October 11, 2006. However, in accordance with the Magistrate's December 9, 2008 Order, although Dr. Rizk may testify regarding his treatment of the plaintiff after October 11, 2006, he will be limited to testifying as a fact witness in that regard.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the objections raised in the plaintiff's Application for Review [117] of the Magistrate's Order dated December 9, 2008 granting the defendant's Motion to Strike Plaintiff's October 9, 2008 Amendment to Expert Disclosures and Plaintiff's October 9, 2008 Amendment to Initial Rule 26(a)(1) Disclosures [86] should be, and hereby are, OVERRULED and the Magistrate's decision as reflected in her December 9, 2008 Order should be, and hereby is, AFFIRMED.

SO ORDERED, this the 3rd day of June, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1] West attempts to cast the Magistrate's statement to the effect that his responses to interrogatories 4, 5, and 6 "appear to the court as the only disclosure of the content of Dr. Rizk's testimony by the plaintiff" as clearly erroneous. That is not the case; certainly plaintiff's responses to the interrogatories in question are the most complete disclosure provided by plaintiff.