**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**CHRISTOPHER WEST**                                                                 **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 2:07CV215-P-A**

**DRURY COMPANY**                                                              **DEFENDANT**

## ORDER

This cause is before the Court on the defendant's Motion for Judgment Notwithstanding the Verdict Or, Alternatively, Motion for New Trial [178]. The Court, having reviewed the motions, the response, and being otherwise fully advised in the premises, finds as follows, to-wit:

Drury Company seeks to renew its motion for judgment as a matter of law with regard to plaintiff's claims against it. Defendant did seek judgment under Rule 50(a)(1) and (2) both at the close of his case and prior to submission of the case to the jury. Accordingly, the matter is properly before the Court. The Court is to review motions under Rule 50(b) in a light and with all reasonable inferences most favorable to the party opposing the directed verdict or judgment notwithstanding the verdict. Roberts v. United Mexico Bank at Roswell, 14 F.3d 1076, 1078 (5th Cir. 1990). The jury's verdict must be upheld unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that a reasonable jury could not arrive at any verdict to the contrary. Id.

The Court has duly considered the issues raised by Drury Company in conjunction with the evidence admitted at trial and the applicable law. The Court concludes that plaintiff's Motion for Judgment as a Matter of Law is without merit and should be denied. Although defendant is correct

that plaintiff failed to adduce sufficient evidence from which the jury could have reasonably concluded that Drury Company's employee failed to properly secure the material handling strap, there was ample evidentiary support for plaintiff's alternate theory that Drury Company's negligent failure to employ another method for securing the styrofoam bundles of roofing materials proximately caused the accident and plaintiff's resulting injury. The proof in the case was simple and expert testimony was unnecessary. The jury was entitled to exercise its common sense and to infer that, more probably than not, had Drury Company utilized some type of wrap, netting or mesh fencing, the bundles in question would not have fallen out and plaintiff would not have been injured. Accordingly, the Court cannot conclude that the evidence pointed so strongly and overwhelmingly in favor of Drury Company that the jury's contrary verdict was unreasonable. The defendant's Motion for Judgment Notwithstanding the Verdict will be denied.

In addition to seeking judgment as a matter of law under F.R.C.P. 50(b), Drury Company also presses a motion for a new trial under Rule 59 of the Federal Rules of Civil Procedure. Under Rule 59, "[a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . ." The vagueness of the above statement is clarified in a recognized treatise on the subject as follows:

> The draftsman of the rule found that it was impracticable to enumerate all the grounds for a new trial. Thus the rule is stated in broad terms. It has been said that the general grounds for a new trial are that the verdict is against the weight of the evidence, that the damages are excessive . . . and that the motion may also raise questions of law arising out of substantial errors in the admission or rejection of evidence or the giving or refusal of instructions.

11 Wright & Miller, Federal Practice and Procedure § 2805.

The standard of review for motions under Rule 59 is more relaxed than that under rule 50 addressed above in that it imbues the trial judge with discretion in determining whether the verdict

was against the "great" weight of the evidence.  <u>Adams v. Wal-Mart Stores, Inc.</u>, 151 F.R.D. 610, 612-613 (S.D. Miss. 1993).  Although a judge faced with a motion under Rule 59 may not simply substitute his judgment for that of the jury, he need not view the evidence in the light most favorable to the verdict winner.  Instead, he has the latitude to reweigh the evidence and he is free to accept or reject evidence and to reassess the credibility of witnesses and proof.  <u>Shows v. Jamison Bedding, Inc.</u>, 671 F.2d 927, 930 (5th Cir. 1982)

Drury Company's alternative motion for a new trial relies on the same reasoning it advanced in support of its Rule 50(b) motion.  The Court rejects defendant's contentions concerning the sufficiency of the evidence to support the jury's verdict for largely the same reasons cited in ruling on the Rule 50(b) motion above.  Notwithstanding the more lenient standard of review, the Court is not convinced that the jury's verdict was against the great weight of the evidence presented at trial.  The result as reflected in the verdict demonstrates the jury's reasoned assessment of the proof in accordance with the instructions provided by the Court.  Accordingly, defendant's alternative Motion for a New Trial is not well-taken and should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion for Judgment Notwithstanding the Verdict Or, Alternatively, Motion for a New Trial [178] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 26th day of January, 2010.


/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE